No. 574
### MULCAHY, etc. v. AKRON (City) et al.
Ohio Appeals, 9th Dist., Summit County
No. 956. Decided June 19, 1924

639. INJUNCTION—Tax-payer may maintain an action for injunction where his rights are affected.

2. Motive of tax-payer in bringing suit held immaterial.

297. CONTRACTS—Contract for public building held proper under facts of case.

WASHBURN, J.　　　　Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action heard in the Court of Appeals in which a tax payer sought to enjoin the City of Akron from entering into a contract with a certain builder for the con-

struction of a City Hall. The tax payer claimed that the scheme adopted by the City for receiving bids and awarding the work was essentially non-competitive. The Council, after approving bids and awarding the plans for the City Hall, authorized and directed the Director of Public Service to enter into a contract for the construction of such a Hall with the lowest and best bidder after advertisement according to law. The Council thereupon directed that such contract should be duly let after competitive bidding. It was claimed by the tax payer that there was no competitive bidding because in some instances for the purpose of establishing a standard of materials, the manufacturer or producer was named and the bidder was required to bid upon such specified articles.

The contract was for an improvement costing $700,000 and in the specifications there there were provided a set furnishing 30 alternates upon which all of the bidders were asked to bid, upon which most of the bidders did, and while the specifications in a few instances invited bidders to suggest substitutions, the contract as awarded was not based upon and did not include any substitutes so suggested. The City did adopt a few of its own alternates and as to all of them there was competition, many of the bidders having bid upon them. In dismissing the petition for an injunction, the Court of Appeals held:

1. That a tax payer has a right to maintain an action where his rights and the rights of others as tax payers are injuriously and illegally affected.

2. The motive of the tax payer in bringing the suit is immaterial provided he can show a case of injury to himself as a tax payer.

3. As all of the alternates that were adopted by the City were included in the bids of the various contractors, and as no substitution proposed by a bidder was adopted by the City, the provisions in the plans and specifications as to substituted bids did not render the letting of the contract in the case illegal because of lack of competitive bidding.

Attorneys—Rockwell & Grant and Commins, Brouse, Engelbeck & McDowell, for Mulcahy; H. M. Hagelbarger, for Akron; Mather, Nesbitt & Wilkie, for Construction Co; all of Akron.